**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| CALVIN W. SCOTT, | DOCKET NUMBER |
| Appellant, | AT-0831-14-0015-C-1 |
| v. | |
| OFFICE OF PERSONNEL | DATE: March 17, 2015 |
| MANAGEMENT, | |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Calvin W. Scott, Lithonia, Georgia, pro se.

Christopher H. Ziebarth, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied his petition for enforcement of the Board's August 29, 2014 Remand Order in MSPB Docket No. AT-0831-14-0015-I-1 and otherwise found that the Board lacked jurisdiction over his claims absent a final decision by the Office of

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

Personnel Management (OPM). Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        On August 29, 2014, the Board ordered OPM to issue an initial decision on the appellant's application for former spouse annuity benefits within 90 calendar days. MSPB Docket No. AT-0831-14-0015-I-1, Remand Order at 4-5 (Aug. 29, 2014). The appellant filed a pleading 10 days later that was docketed as a petition for enforcement of the Remand Order. Compliance File (CF), Tab 1 at 1-2, Tab 2 at 1. In his request for relief, the appellant stated that he had no court order awarding him former spouse benefits as required under the Civil Service Retirement Spouse Equity Act of 1984, but maintained that he was entitled to the benefits under certain statutes. CF, Tab 1 at 1-2. The administrative judge ordered OPM to show proof that it had complied with the Board's Remand Order or demonstrate good cause for noncompliance. CF, Tab 2 at 1-2. OPM responded that the Remand Order had instructed the agency to render a decision

on the appellant's application within 90 days of the August 29, 2014 order and that the file had been forwarded to the Court Ordered Benefits Branch for review. CF, Tab 4 at 4. OPM sought an extension of time to respond further until the 90-day period had expired. *Id*.

¶3 In the initial decision, the administrative judge noted that OPM had not issued any decision on the appellant's application for benefits and that the 90-day period in the Board's Remand Order had not yet expired. CF, Tab 6, Initial Decision (ID) at 2. Thus, the administrative judge concluded that the appellant's appeal was premature, but informed him that, once OPM issued a final decision, he could appeal that final decision in accordance with the appeal rights provided by the agency. ID at 2-3. The administrative judge further stated that, viewing this matter as a petition for enforcement of the Remand Order, the appellant's petition was denied without prejudice to the appellant filing a new petition for enforcement if OPM failed to issue a decision at the expiration of the 90-day period. ID at 3 n.1.

¶4 On review, the appellant submits a copy of an initial OPM decision dated October 17, 2014, informing him that the court order he had submitted was unacceptable for processing as it did not expressly award former spouse or former spouse survivor annuity benefits. Petition for Review (PFR) File, Tab 1 at 7. In his petition for review, the appellant does not address the administrative judge's finding that the petition for enforcement was filed prematurely, but instead discusses a discrimination complaint he had filed with the Department of Justice against OPM. *Id*. at 2-4. The appellant requests that the Board stay the present case due to pending litigation in federal district court. *Id*. at 3. The appellant has also filed a subsequent pleading concerning his discrimination complaints against OPM and various state authorities, requesting that the Board send the matter to arbitration. PFR File, Tab 3 at 1-4. The agency has responded that its October 17, 2014 decision satisfied its obligation under the Remand Order, and that the

appellant did not seek reconsideration from OPM within the 30-day time limit. PFR File, Tab 5 at 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge correctly denied the petition for enforcement.

¶5     The administrative judge correctly found that the appellant filed his petition for enforcement of the Board's August 29, 2014 Remand Order well before OPM's 90-day time limit to issue a decision on his application for former spouse benefits had expired. *See* ID at 2; CF, Tab 1 at 1-2, 15-19. The record evidence indicates that OPM issued a decision within the time limit on October 17, 2014, satisfying the agency's obligation under the Remand Order. *See* PFR File, Tab 1 at 7. We thus find that the agency is in compliance with the Remand Order and deny the appellant's petition for enforcement.

The Board lacks jurisdiction over the remainder of the appellant's arguments.

¶6     The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The appellant bears the burden of proof of establishing Board jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(a)(2)(i). Generally, the Board has jurisdiction over retirement issues only after OPM has rendered a final or reconsideration decision. *See* 5 U.S.C. § 8347(d)(1); 5 C.F.R. § 831.110. A final decision is a decision OPM has issued after a request for reconsideration of an initial decision, or which it designates as final. *See* 5 C.F.R. § 831.109(f). However, the Board may take jurisdiction over a retirement appeal in the absence of an OPM reconsideration decision where the appellant has made repeated requests for such a decision, and the evidence indicates that OPM does not intend to issue a reconsideration decision. *Johnson v. Office of Personnel Management*, 113 M.S.P.R. 118, ¶ 10 (2010).

¶7 The appellant has not contested the agency's argument that he failed to seek reconsideration within 30 days, *see* PFR File, Tab 5 at 4, although we note that the appellant filed his petition for review in the present case 32 days after the date of OPM's initial decision, *see* PFR File, Tab 1 at 1-4. Although the appellant submitted a copy of OPM's initial decision, he alleges no error in OPM's finding that he had not provided a court order expressly awarding him a share of his former spouse's annuity or a survivor annuity. *See id*. at 7. In his petition, the appellant argues that, due to his federal district court litigation, he needs "more time to provide the OPM with a corrected Court Order for processing." *Id*. at 3. Thus, we find that the appellant does not seek Board review of OPM's initial decision concerning his application for former spouse benefits.

¶8 We deny the appellant's request to stay the present case pending resolution of proceedings in federal district court, which appear to concern matters outside the scope of his appeal before the Board. *See id*. at 1-2. The appellant has not set forth any basis upon which to stay this proceeding pending the outcome of his litigation purportedly in relation to his claims of discrimination and dissatisfaction with his divorce decree in state court. *See id.* We also deny the appellant's request to send his appeal to arbitration, as he has alleged no basis under which the Board has jurisdiction over his discrimination complaints, and has provided no authority for referring a pending case to arbitration.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                  _____
                                          William D. Spencer
                                          Clerk of the Board

Washington, D.C.